IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vanessa D. Bartley,<br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, NA; Deutsche Bank National Trust Company, as Trustee for HSI Assets Loan Obligation Trust 2007-WFI, Mortgage Pass Through Series 2007 WFI; and Rogers Townsend &  Thomas, PC,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:14-3814-CMC-SVH<br><br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY ROGERS TOWNSEND & THOMAS, PC** |

Defendant Rogers Townsend & Thomas, PC ("Rogers Townsend") has moved the Court to dismiss the claims asserted against it by Plaintiff, Vanessa D. Bartley. For the reasons set forth below, Rogers Townsend's motion should be granted.

## OVERVIEW

Plaintiff was the defendant in two foreclosure suits filed by Rogers Townsend on behalf of Deutsche Bank National Trust Company in 2007 and 2009 relating to real estate owned by Plaintiff in Kershaw County, South Carolina. The foreclosure complaints were voluntarily dismissed, and no foreclosure judgment was entered against Plaintiff.

Now, in an apparent attempt to prevent another foreclosure, Plaintiff has filed a myriad of federal and state claims against Wells Fargo Bank, N.A. (the originator of Plaintiff's mortgage), Deutsche Bank National Trust Company (the owner and holder of Plaintiff's Note and Mortgage), and Rogers Townsend. Plaintiff alleges that Defendants committed various acts of wrongdoing in connection with the origination and servicing of her mortgage and in the foreclosure suits.

The Court should dismiss Plaintiff's claims against Rogers Townsend because the claims arise out of Rogers Townsend's performance of professional activities in the course of its representation of Deutsche Bank and are therefore barred by the doctrine of attorney immunity. Furthermore, none of her claims states a cause of action against Rogers Townsend.

## BACKGROUND INFORMATION

Plaintiff was the defendant in two foreclosure actions brought in Kershaw County, South Carolina ("Foreclosure Actions"), in 2007 and 2009. *See* Compl., ¶¶1; 34; *see also* Compl., *Deutsche Bank Nat'l Trust Co. v. Bartley et al.*, No. 07-CP-28-2070 (Oct. 25, 2007); Compl., *Deutsche Bank Nat'l Trust Co. v. Bartley et al.*, No. 09-CP-28-1129 (Sept. 24, 2009)[1]. (The complaints in the Foreclosure Actions are attached as Exhibits A and B.) The Foreclosure Actions involved a mortgage given by Plaintiff to Defendant Wells Fargo (the "Mortgage") in connection with property at 68 Lillifield Drive in Elgin, South Carolina (the "Property"). *See* Ex. A at ¶7; Ex. B at ¶8. The Mortgage was later assigned to Defendant Deutsche Bank. *See* Compl., ¶56; *see also* Ex. A at ¶8; Ex. B at ¶9.

Rogers Townsend served as counsel for Deutsche Bank in the Foreclosure Actions. *See* Ex. A; Ex. B. Plaintiff does not allege that Rogers Townsend is a mortgage lender or loan servicer or that it otherwise participated in the origination or servicing of her Mortgage. Rogers Townsend has had no relationship or interaction with Plaintiff apart from its representation of Deutsche Bank in the Foreclosure Actions, and Plaintiff does not allege it did.

---

[1] When evaluating a motion to dismiss, a court may consider matters of which it may take judicial notice. *See, e.g.*, *Loftus v. F.D.I.C.*, 989 F. Supp.2d 483, 488-89 (D.S.C. 2013) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Therefore, the Court may take judicial notice of the complaints filed in the Foreclosure Actions and may properly consider them in support of this Motion to Dismiss without converting the Motion into one for summary judgment. She also attaches portions of the complaints to her Complaint in this case.

*Case No. 3:14-3814-CMC-SVH*
*Memorandum in Support of Motion to Dismiss by Defendant Rogers Townsend & Thomas, PC*
*Page 3 of 15*

Both of the Foreclosure Actions were voluntarily dismissed without prejudice pursuant to South Carolina Civil Procedure Rule 41(a)(1). *See* Notice of Dismissal, *Deutsche Bank Nat'l Trust Co. v. Bartley et al.*, No. 09-CP-28-1129 (Jan. 17, 2012); Notice of Dismissal, *Deutsche Bank Nat'l Trust Co. v. Bartley et al.*, No. 07-CP-28-2070 (July 10, 2008). No foreclosure action relating to the Property is pending against Plaintiff, and Plaintiff does not allege that one is.

Although each of the 15 claims appears to be asserted against all Defendants, almost all of the allegations simply refer to "Defendant(s)" and fail to specify which Defendant or Defendants allegedly did what. So, Rogers Townsend does not have fair notice of which acts of alleged wrongdoing it is alleged to have committed. Plaintiff does not even call Rogers Townsend by name until the seventh claim of her Complaint.

## LAW/ANALYSIS

**I.     Plaintiff's Claims against Rogers Townsend are Barred by the Doctrine of Attorney Immunity**

With one exception, Plaintiff's claims against Rogers Townsend are barred by the doctrine of attorney immunity.[2] In South Carolina, "an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client." *Gaar v. N. Myrtle Beach Realty Co., Inc.*, 287 S.C. 525, 528, 339 S.E.2d 887, 889 (Ct. App. 1986); *see also Argoe v. Three Rivers Behavioral Ctr. and Psychiatric Solutions*, 388 S.C. 394, 401, 697 S.E.2d 551, 554 (2010) (citations omitted); *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 509 (2009) (citations omitted); *Moore v. Weinberg*, 373 S.C. 209, 228, 644 S.E.2d 740, 750 (Ct. App. 2007) (citations omitted). "In his professional capacity the attorney is not liable, except to his client and those in privity with his

---

[2] Attorney immunity generally does not apply to FDCPA claims. Her claim under the FDCPA should be dismissed on other grounds as explained below.

client, for injury allegedly arising out of the performance of his professional activities." *Gaar*, 287 S.C. at 529, 339 S.E.2d at 889. Attorneys are immune from liability to non-clients arising out of the performance of their professional activities because "[a]ttorneys must be free to act and advise their clients without constant fear of harassment from lawsuits." *Id.* (citations omitted).

## II.     Plaintiff Fails to State a Claim for Which Relief May Be Granted

Rule 8 of the Federal Rules of Civil Procedure requires that, in order to successfully assert a claim for relief, a party's pleading must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires the allegations of a pleading to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The United States Supreme Court has held that, in order to satisfy the pleading standard of Rule 8, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a claim will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A claim must have facial plausibility to survive a motion to dismiss. *See, e.g.*, *Iqbal*, 556 U.S. 678 (citing *Twombly*, 550 U.S. 570); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255-56 (4th Cir. 2009).

A district court is not permitted to rewrite a *pro se* plaintiff's complaint to state valid claims, and "federal courts are not required to be 'mind readers' for *pro se* litigants." *Green v.*

*Sumter Court*, No. 3:07-1570-JFA-BM, 2007 WL 2022199, at *2-3 (D.S.C. July 9, 2007). Indeed, "a court may not construct" a *pro se* plaintiff's "legal arguments for him." *Buckley v. U.S. Gov't*, No. 4:053235TLW, 2006 WL 2583767, at *5 (D.S.C. Sept. 7, 2006) (citations omitted). In *Green*, this Court dismissed a *pro se* plaintiff's complaint for failure to state a claim because the allegations in the complaint were "presented in such a rambling, disjointed and confusing fashion as to make it impossible to determine who, exactly" the plaintiff was "intending to sue" and what the plaintiff was "intending to sue them for." *Green*, 2007 WL 2022199, *2; *see also Buckley*, 2006 WL 2583767, at *5-9 (dismissing a *pro se* plaintiff's complaint for failure to state a claim). Thus, *pro se* plaintiffs are not excused from the requirement to present a facially plausible claim rather than mere conclusory allegations and recitals of elements of a claim.

    **A.    Plaintiff's First Claim - Breach of Fiduciary Duty**

Plaintiff's first claim alleges that "Defendant(s)" breached a fiduciary duty owed to Plaintiff by "creating a snowball effect of mortgage fraud schemes, underwriting violations," and other similar conduct in connection with the origination and servicing of Plaintiff's mortgage. Compl., ¶8. Plaintiff claims that "Defendant(s) set out to offer a product that lacked due diligence, good faith, was unconscionable and was not in Plaintiff's best interest as a consumer" and that "Plaintiff was being set up by Defendant(s) to fail with mortgages that were not in Plaintiff's best interest." *Id.* at ¶¶3; 5. Plaintiff's breach of fiduciary duty claim relates exclusively to alleged wrongdoing committed in connection with the origination and servicing of Plaintiff's Mortgage. *See id.* at ¶¶2-8.

First, Plaintiff does not expressly allege that Rogers Townsend was involved in the origination or servicing of her mortgage. Not surprisingly, Plaintiff does not even mention

Rogers Townsend by name in her first claim. *See id.* at ¶¶2-8. Plaintiff has provided no facts giving rise to an inference that Rogers Townsend participated in the alleged wrongdoing that Plaintiff claims constitutes a breach of fiduciary duty. Because Plaintiff's breach of fiduciary duty claim is based on the origination and servicing of her Mortgage, and she has not alleged that Rogers Townsend was involved in the origination or servicing of the Mortgage, Plaintiff's breach of fiduciary duty claim should be dismissed as to Rogers Townsend.

Secondly, Plaintiff has failed to plead facts that, if true, would create a fiduciary relationship between Rogers Townsend and Plaintiff.

Thirdly, the substance of Plaintiff's breach of fiduciary duty claim is allegedly fraudulent acts committed by Defendants, and, therefore, the claim is subject to the heightened pleading requirements of Rule 9(b). *See, e.g.*, *Pitten*, 903 F. Supp. at 951; *see also In Town Hotels Ltd. P'ship v. Marriott Int'l, Inc.*, 246 F. Supp.2d 469, 486 (S.D. W.Va. 2003) ("It may be the case that certain breach of fiduciary duty claims are fraud-based and that those claims must be plead in compliance with Rule 9(b).")

Plaintiff's breach of fiduciary duty claim, directed at all "Defendants," does not specify which allegedly wrongful conduct was committed by which Defendants. *See Compl.*, ¶¶2-8. If construed to be asserted against Rogers Townsend, Plaintiff's claim fails to put Rogers Townsend on notice of the wrongful acts it allegedly committed. Because Plaintiff's breach of fiduciary duty claim alleges fraud but does not specify which defendants supposedly committed which wrongful acts, the claim fails to satisfy the pleading requirements set forth in Rule 9(b). *See Juntti*, 1993 WL 138523, at *2; *In re Cable & Wireless*, 321 F. Supp.2d at 722-24; *Kerby*, 992 F. Supp. at 789.

### B.      Plaintiff's Second Claim - Underwriting Violations

Plaintiff's second claim is entitled "Underwriting Violations," and it alleges that "Defendant(s)" committed wrongdoing in connection with the underwriting of Plaintiff's loan. Compl., ¶¶9-13.

Plaintiff does not mention Rogers Townsend by name in this claim, and Plaintiff fails to provide any facts giving rise to an inference that Rogers Townsend participated in the underwriting of Plaintiff's Mortgage. Therefore, this claim lacks facial plausibility against Rogers Townsend and must be dismissed.

### C.      Plaintiff's Third Claim - Predatory Lending Violations

In her third claim, Plaintiff alleges that "Defendant(s)" engaged in predatory lending in connection with the origination of the Mortgage. Compl., ¶¶14-15. In Paragraph 15, Plaintiff asserts that "Defendant(s) and its Underwriter(s) knew that Plaintiff was a member of a protected class when Plaintiff applied for this alleged loan," and she outlines a list of characteristics of the Mortgage that allegedly demonstrate the defendants' predatory lending practices.

Because Plaintiff does not allege that Rogers Townsend was involved in the origination of her loan, this claim fails for the same reasons as the first and second claims.

### D.      Plaintiff's Fourth Claim - Predatory Mortgage Lending

Plaintiff purports to assert a claim for "predatory mortgage lending" in Paragraphs 16-22 of her Complaint. Compl., ¶¶16-22. In this claim, Plaintiff claims that the "Defendant(s) [sic] underwriter did not provide the BEST program that would fit Plaintiff" and engaged in "bait and switch" tactics. *Id.* at ¶19. Plaintiff also sets forth a list of characteristics of her loan origination process that she claims constitute predatory mortgage lending. *Id.* at ¶22. Plaintiff does not make

clear how or whether her "predatory mortgage lending" claim differs from her "predatory lending violations" claim.

Because Plaintiff does not allege that Rogers Townsend was involved in the origination of her loan, this claim fails for the same reasons as the first three claims.

### E.  Plaintiff's Fifth Claim - Predatory Mortgage Servicing

Plaintiff's fifth claim, for "predatory mortgage servicing," is particularly vague, confusing, and incoherent. Compl., ¶¶23-27. Paragraphs 23-26 consist entirely of allegations purporting to define and/or explain predatory mortgage servicing. *See id.* at ¶¶23-26. These allegations fail to provide any facts, or even conclusory allegations, explaining any way in which Plaintiff is an alleged victim of predatory mortgage servicing. *See id.* In Paragraph 27, Plaintiff alleges that "Defendant(s)" did not respond to Plaintiff's Qualified Written Requests. *Id.* at ¶27. Presumably, the alleged failure to respond to Plaintiff's Qualified Written Requests is the conduct Plaintiff is claiming constitutes predatory mortgage servicing.

First, Plaintiff provides no legal basis for her claim for "predatory mortgage servicing," and neither the South Carolina Supreme Court nor the Fourth Circuit Court of Appeals has recognized a claim for "predatory mortgage servicing."

Secondly, this claim is, once again, not directed at Rogers Townsend because Plaintiff has not alleged facts raising an inference that Rogers Townsend was engaged in mortgage servicing.

### F.  Plaintiff's Sixth Claim - Real Estate Settlement Procedures Act Violations

In her sixth claim Plaintiff alleges that Defendants violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond to Plaintiff's Qualified Written Request ("QWR") as required by 12 U.S.C. §2605(e). Compl., ¶¶28-33. Plaintiff's RESPA claim against

Rogers Townsend must be dismissed for the same reasons as the so-called predatory servicing claim.

First, Plaintiff's RESPA claim arises out of Defendants' alleged failure to properly respond to her QWR. Compl., ¶¶28-31. By its terms, 12 U.S.C. §2605(e), which is entitled "duty of loan servicer to respond to borrower inquiries," applies to *loan servicers*. 12 U.S.C. §2605(e); *see also, e.g.*, *Pasillas v. Deutsche Bank Nat. Trust Co.*, No. 5:12-CV-04123-LHK, 2014 WL1006300, at *5 (N.D. Cal. Mar. 12, 2014) ("As a preliminary matter, the Court notes that Section 2605(e) imposes duties on loan servicers only."); *Boston v. Ocwen Loan Serv., LLC*, No. 3:12CV451, 2013 WL 122151, at *3 (W.D. N.C. 2013) (dismissing a claim that a defendant violated §2605(e) because the plaintiff failed to allege that the defendant was a "servicer").

Secondly, Plaintiff does not allege she sent a QWR to Rogers Townsend. Plaintiff simply alleges that she sent a QWR to "Defendant(s)." Compl., ¶28. The letters attached to Plaintiff's Complaint, which she contends constitute QWRs, actually show Plaintiff did *not* send a QWR to Rogers Townsend. *See* Compl., Exs. I; J (only to Wells Fargo representatives). *See id.*

### G.     Plaintiff's Seventh Claim - Legal Standing

Plaintiff mentions Rogers Townsend by name for the first time in her seventh claim, entitled "Legal Standing." Plaintiff alleges that Rogers Townsend "did not have legal standing to file Foreclose [sic] in 2007 & 2009." Compl., ¶34. Plaintiff further claims that Rogers Townsend did not validate the debt and "[t]herefore lacked standing to carry out a judicial act." *Id.* Plaintiff alleges that Rogers Townsend "does not have standing, for only a person who is the holder of the note/mortgage has standing to enforce the note" and that Rogers Townsend "engaged in an unlawful filling [sic] of two foreclosure [sic] to Plaintiff." *Id.* at ¶¶40-41. Plaintiff then sets forth

a myriad of allegations that appear to attack the securitization and assignment of Plaintiff's mortgage. *Id.* at ¶¶48-82.

Since Rogers Townsend was not a party to the Foreclosure Actions, it is nonsensical to say that Rogers Townsend lacked standing.

Furthermore, the proper remedy to a lack of standing is dismissal, and the Foreclosure Actions have both been voluntarily dismissed. *See* Notice of Dismissal, *Deutsche Bank v. Bartley*, No. 09-CP-28-1129 (Jan. 17, 2012); Notice of Dismissal, *Deutsche Bank v. Bartley*, No. 07-CP-28-2070 (July 10, 2008).

### H. Plaintiff's Eighth Claim - Fair Debt Collection Practices Act Violations

Plaintiff's eighth claim alleges that Rogers Townsend violated the Fair Debt Collection Practices Act ("FDCPA") by failing to provide verification of her debt. Compl., ¶¶83-97. Plaintiff also claims that "Defendant(s) falsely representing [sic] the character, amount or legal status of the debt." *Id.* at ¶88.

First, Section 1692g of the FDCPA requires a debt collector to provide verification of a disputed debt *upon receiving writing notification from the consumer* that the debt is disputed. 15 U.S.C. §1692g(b). Because Plaintiff does not allege she sent Rogers Townsend written notification that the debt was disputed (see Compl., ¶¶94-95; and Exs. J and K), she has not stated a claim against Rogers Townsend for violation of §1692g.

Secondly, Plaintiff's conclusory allegation that Rogers Townsend falsely represented the character, amount or legal status of the debt falls far short of pleading the circumstances with particularity as required by Rule 9(b). *See, e.g.*, *Blick v. Wells Fargo Bank, N.A.*, No. 3:11-cv-00081, 2012 WL 1030137, at *6 (W.D. Va. 2012) (dismissing an FDCPA claim alleging

misrepresentations on the ground that the plaintiff failed to plead the alleged fraud with the particularity required by Rule 9(b)).

What did Rogers Townsend say? To whom? In what document? How was it false?

### I.     Plaintiff's Ninth Claim - Truth in Lending Act Violations

Plaintiff's ninth claim alleges that "Defendants" violated the Truth in Lending Act ("TILA") by concealing documents and failing to provide required disclosures to Plaintiff. Compl., ¶¶98-105.

Section 1640(a) of TILA imposes liability only upon a "creditor." 15 U.S.C. §1640(a); *see also Redic v. Gary H. Watts Realty Co.*, 762 F.2d 1181, 1185 (4th Cir. 1985) ("Only 'creditors' are subject to the Act's civil penalties." (citing 15 U.S.C. §1640(a))); *Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 105 (D.S.C. 2009) ("Only 'creditors' are liable under TILA." (citations omitted)); *Mincey v. World Sav. Bank, FSB*, 614 F.Supp.2d 610, 625 (D.S.C. 2008). For purposes of the Act, TILA defines a "creditor" as "a person who both (1) regularly extends . . . consumer credit . . . and (2) is the person to whom the debt arising from the consumer creditor transaction is initially payable . . . ." 15 U.S.C. §1602(g).

Plaintiff has not alleged facts showing that Rogers Townsend was a "creditor" for purposes of TILA, so this claim fails as to Rogers Townsend.

### J.     Plaintiff's Tenth Claim - Consumer Protection Act Violations

In her tenth claim, Plaintiff alleges that "Defendant(s) violated some unspecified "Act" by not fully investigation [sic] ability to repay, and by not providing a qualified mortgage, charging excess upfront point and fees toxic loan features." Compl., ¶107. Plaintiff also claims that "Defendant(s)" originated her mortgage without considering her ability to repay. *Id.* at ¶106.

*Case No. 3:14-3814-CMC-SVH*
*Memorandum in Support of Motion to Dismiss by Defendant Rogers Townsend & Thomas, PC*
*Page 12 of 15*

First, Plaintiff's tenth claim fails to satisfy the federal pleading standards because it is so vague and general in nature that it fails to provide Rogers Townsend fair notice of the claim asserted against it. Specifically, the claim does not mention Rogers Townsend by name, does not specify which consumer protection act Rogers Townsend allegedly violated, and does not specify which of its provisions were violated. *See* Compl., ¶¶106-08.

Secondly. The tenth claim should be dismissed against Rogers Townsend for the same reasons the claims based on origination and servicing issues should be dismissed.

### K.  Plaintiff's Eleventh Claim - Violation of Unfair and Deceptive Trade Practices Act

Plaintiff's eleventh claim alleges that Defendants violated some unspecified unfair and deceptive trade practices act by failing to disclose all costs, fees, and expenses associated with her loan, failing to disclose the range of interest rates for which she was qualified, charging excessive fees, and making payments to the wrong entities. Compl., ¶¶109-13.[3] This claim should be dismissed against Rogers Townsend for the same reasons the claims based on origination and servicing issues should be dismissed.

### L.  Plaintiff's Twelfth Claim - Fraud

Plaintiff asserts a claim for fraud against all Defendants in Paragraphs 114-122 of her Complaint. Plaintiff alleges that Defendants made misrepresentations and failed to make required disclosures in connection with the origination of Plaintiff's Mortgage. Compl., ¶¶114-22.

First, this claim fails as to Rogers Townsend for the same reasons as the other claims based on origination issues.

---

[3] In Paragraph 109, Plaintiff appears to cite Florida's Deceptive and Unfair Trade Practices Act, quite possibly because some folks from Georgia not licensed to practice law in South Carolina have given her poor legal advice. See her Exhibit B.

*Case No. 3:14-3814-CMC-SVH*
*Memorandum in Support of Motion to Dismiss by Defendant Rogers Townsend & Thomas, PC*
*Page 13 of 15*

Secondly, Plaintiff's this claim fails because Plaintiff has not pled all of the elements of a claim for fraud pursuant to South Carolina law.

Thirdly, this claim is conclusory and factually unsupported and therefore fails to satisfy the heightened pleading standard for fraud claims set forth in Rule 9(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 9(b). For example, she fails to allege with particularity the time or place of the alleged misrepresentation. *See, e.g.*, *Harrison*, 176 F.3d at 784. Similarly, she does not specify which of multiple defendants committed which allegedly fraudulent act. *See, e.g.*, *Juntti*, 1993 WL 138523, at *2. Notably, the claim does not mention any Defendant by name. *See* Compl., ¶¶114-22.

### M.     Plaintiff's Thirteenth Claim - Fraud in the Inducement

In Plaintiff's thirteenth claim she simply alleges that "Defendant(s) and/or Agent made false statement [sic] and omissions of material facts." *Id.* at ¶125. Plaintiff also asserts that "Defendant(s) alleges that they own Note and Mortgage in question."[4] *Id.* at ¶123.

First, she fails to allege many of the elements of a claim for fraud in the inducement. *See, e.g.*, *Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011); *Moseley v. All Things Possible, Inc.*, 388 S.C. 31, 35-36, 694 S.E.2d 43, 45 (Ct. App. 2010).

Secondly, she fails to allege with particularity the circumstances constituting the alleged fraud as required by Rule 9(b).

Thirdly, she has asserted her claim against multiple defendants without specifying which Defendant did what. *See, e.g.*, *Juntti*, 1993 WL 138523, at *2.

---

[4] Rogers Townsend has never alleged it owns the Note and Mortgage.

*Case No. 3:14-3814-CMC-SVH*
*Memorandum in Support of Motion to Dismiss by Defendant Rogers Townsend & Thomas, PC*
*Page 14 of 15*

### N.     Plaintiff's Fourteenth Claim - Violations of HOEPA

In her fourteenth claim, Plaintiff alleges that Defendants violated the Home Ownership and Equity Protection Act ("HOEPA"). Compl., ¶127. Plaintiff's HOEPA claim consists only of a single paragraph, which states: "Defendant(s) failed to make proper disclosures and committing [sic] intentional predatory lending by including prohibited terms pursuant to 15 U.S.C. §1639 et seq." *Id.*

First, HOEPA requires "creditors" to make certain disclosures for certain types of mortgages. 15 U.S.C. §1639. The disclosure requirements of 15 U.S.C. §1639 apply only to creditors pursuant to the plain language of the statute. 15 U.S.C. §1639; *see also Cetto v. LaSalle Bank Nat. Ass'n*, 518 F.3d 263, 268-73 (4th Cir. 2008) (dismissing a HOEPA claim against a mortgage broker because the broker did not constitute a "creditor" for purposes of the statute). For purposes of the Act, §1602(g) defines a "creditor" as "a person who both (1) regularly extends . . . consumer credit . . . and (2) is the person to whom the debt arising from the consumer creditor transaction is initially payable . . . ." 15 U.S.C. §1602(g).

She does not allege Rogers Townsend was a "creditor," so this claim fails.

Secondly, her HOEPA claim is barred by HOEPA's statute of limitations. HOEPA claims must be brought within one year of the date of the alleged violation. 15 U.S.C. §1640(e); *see also McLeod v. PB Inv. Corp.*, 492 Fed. App'x 379, 388 (4th Cir. 2012). The alleged failure to make required disclosures and acts of predatory lending that Plaintiff claims violated HOEPA must have occurred at the latest at the closing of Plaintiff's loan. *See McLeod*, 492 Fed. App'x at 387 ("[T]he alleged violations - failure to provide mandatory loan disclosures and charging excessive fees - occurred at the latest at the time of the loan closing."). Plaintiff closed her loan in

*Case No. 3:14-3814-CMC-SVH*
*Memorandum in Support of Motion to Dismiss by Defendant Rogers Townsend & Thomas, PC*
*Page 15 of 15*

September 2006. *See* Compl., ¶5. Therefore, Plaintiff's HOEPA claim, which was not brought until 2014, is barred by the statute of limitations.

### O.     Plaintiff's Fifteenth Claim - Unconscionable Acts

Plaintiff's final claim, entitled "Unconscionable Acts," consists of only one paragraph, which states: "Defendant(s) has [sic] acted unconscionable [sic] when Plaintiff made application for alleged loan and the entire process(s) [sic] was/is unjust and extremely one-sided in favor of Defendant(s) who had the superior bargaining power and the fact that Plaintiff did not fully understand the mortgage language." Compl., ¶128.

This claim fails for the same reasons as the other origination claims

### CONCLUSION

For the reasons set forth above, Plaintiff's claims against Rogers Townsend are barred by the doctrine of attorney immunity. Additionally, Plaintiff has failed to state a claim for which relief may be granted against Rogers Townsend. Therefore, Rogers Townsend's motion to dismiss Plaintiff's complaint should be granted.

*/s/ Robert P. Wood*

Robert P. Wood (Fed Ct ID No. 4738)
ROGERS TOWNSEND & THOMAS, PC
220 Executive Center Drive (29210)
Post Office Box 100200
Columbia, South Carolina 29202-3200
(803) 771-7900
robert.wood@rtt-law.com

October 30, 2014

Attorneys for Defendant Rogers Townsend & Thomas, PC