IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Vanessa D. Bartley, | ) | Civil Action No. 3:14-3814-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Wells Fargo Bank, NA; Deutsche Bank National Trust Company, as Trust for HSI Assets Loan Obligation Trust 2007-WFI, Mortgage Pass Through Series 2007 WF1; and Rogers Townsend & Thomas PC, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS WELLS FARGO BANK, N.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HSI ASSET LOAN OBLIGATION TRUST 2007-WF1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-WF1**

Defendants Wells Fargo Bank, N.A. (hereinafter referred to as "Wells Fargo") and Deutsche Bank National Trust Company, as Trustee for HSI Asset Loan Obligation Trust 2007-WF1, Mortgage Pass-Through Certificates, Series 2007-WF1 (hereinafter referred to as "HSI Trust") submit this memorandum of law in support of their motion to dismiss.

Plaintiff Vanessa D. Bartley initiated the above-captioned lawsuit in an apparent attempt to postpone or preclude another foreclosure action involving certain real property located at 68 Lillifield Drive in Elgin, South Carolina, 29045. Plaintiff's claims fail to state any viable factual or legal basis for recovery. Accordingly, any and all of Plaintiff's claims against Wells Fargo and HSI Trust should be dismissed with prejudice as a matter of law.

1

## **STATEMENT OF FACTS**

On or about September 29, 2006, Plaintiff Vanessa D. Bartley borrowed $319,580.00 from Wells Fargo (hereinafter referred to as the "Loan") [See D.E. 1, Plaintiff's Complaint, ¶ 5]. The Loan was evidenced by a Balloon Note (hereinafter referred to as the "Note") and secured by a Mortgage given by Plaintiff in favor of Wells Fargo and recorded on October 2, 2006 in the Kershaw County Register of Deeds in Book 2047 at Page 251 (hereinafter referred to as the "Mortgage") [See D.E. 1-18, Exhibit Q to Plaintiff's Complaint, and D.E. 1-7, Exhibit F to Plaintiff's Complaint, respectively]. The Mortgage encumbers certain real property located at 68 Lillifield Drive in Elgin, South Carolina, 29045 (hereinafter referred to as the "Property") [See D.E. 1-7, Exhibit F to Plaintiff's Complaint].

Subsequently, on or about October 30, 2007, Wells Fargo assigned all rights, title and interest in the Note and the Mortgage to HSI Trust, and the Assignment of Mortgage was recorded in the Kershaw County Register of Deeds Office in Mortgage Book 2047 at Page 251 [See D.E. 1-22, Exhibit U to Plaintiff's Complaint]. A Corrective Assignment of Mortgage dated June 24, 2014 was recorded in the Kershaw County Register of Deeds on June 26, 2014 to correct a scrivener's error in the name of the assignee [See D.E. 1-22, Exhibit U to Plaintiff's Complaint].

On or about October 25, 2007, HSI Trust, as owner and holder of the Note and Mortgage, initiated a foreclosure action against Plaintiff in the Kershaw County Court of Common Pleas — HSI Trust, Plaintiff v. Bartley, et al, Defendants, C.A. No. 07-CP-28-2070 [See D.E. 1-8, Exhibit G to Plaintiff's Complaint].[1] This 2007 Foreclosure Action was voluntarily dismissed without

---

[1] The Court's consideration of the record in the 2007 and 2009 Foreclosure Actions, including the dismissal of the same, does not convert this motion to dismiss into a motion for summary judgment. See Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) ("In

2

prejudice pursuant to Rule 41(a)(1) of the South Carolina Rules of Civil Procedure.  See Notice of Dismissal dated July 10, 2008, HSI Trust, Plaintiff v. Bartley, et al., Defendants (C.A. No. 07-CP-28-2070).  Subsequently, on or about September 24, 2009, HSI Trust initiated a second foreclosure action against Plaintiff in the Kershaw County Court of Common Pleas — HSI Trust, Plaintiff., Plaintiff v. Bartley, et al, Defendants, C.A. No. 09-CP-28-1129 [See D.E. 1-9, Exhibit H to Plaintiff's Complaint].  Like the 2007 Foreclosure Action, the 2009 Foreclosure Action was voluntarily dismissed without prejudice pursuant to S.C.R.Civ.P. Rule 41(a)(1).  See Notice of Dismissal dated January 17, 2012, HSI Trust, Plaintiff v. Bartley, et al., Defendants (C.A. No. 09-CP-28-1129).  Neither the 2007 Foreclosure Action nor the 2009 Foreclosure Actions resulted in any foreclosure decree and/or judgment against Plaintiff.

Currently, there is no pending foreclosure action against Bartley which relates to the subject Property.

## ARGUMENT

In her Complaint, Plaintiff asserts purported claims against Wells Fargo and HSI Trust for (1) breach of fiduciary duty; (2) underwriting violations; (3) predatory lending violations; (4) predatory mortgage lending; (5) predatory mortgage servicing; (6) violations of the Real Estate Settlement Procedures Act (hereinafter referred to as "RESPA"); (7) legal standing; (8) violations of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"); (9) violations of the Truth in Lending Act (hereinafter referred to as "TILA"); (10) "Consumer

---

reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record."); and Briggs v. Newberry County Sch. Dist., 838 F. Supp. 232, 234 (D.S.C. 1992) ("The record of the prior administrative and state court hearings in this case is a source whose accuracy cannot reasonably be questioned. Accordingly, this Court takes judicial notice of the prior proceedings . . . and, further, hereby considers those proceedings in ruling on Defendants' motion to dismiss."); Fed. R. Evid. 201 (permitting the court to take judicial notice of adjudicative facts).

Protection Act" violations; (11) violation of the Unfair and Deceptive Trade Practices Act, "F.S. 501.201, et seq."; (12) fraud; (13) fraud in the inducement; (14) violation of the Home Ownership and Equity Protection Act (hereinafter referred to as "HOEPA"); and (15) unconscionable acts.  Each of these purported claims fails to state a claim upon which relief may be granted.  Accordingly, any and all of Plaintiff's claims should be dismissed, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A. Plaintiff's breach of fiduciary duty claim fails because Plaintiff and Wells Fargo and/or HSI Trust do not have a fiduciary relationship as a matter of law.

In order to state a claim for breach of fiduciary duty against Wells Fargo and/or HSI Trust, Plaintiff must allege facts sufficient to show a fiduciary relationship between herself and either of these Defendants.  Under South Carolina law, a confidential or fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard for the interests of the one imposing the confidence.  <u>Richland County v. Carolina Chloride</u>, 382 S.C. 634, 646, 677 S.E.2d 892, 898 (S.C.Ct. App. 2008).  It is well-settled that the lender/borrower relationship is a creditor/debtor relationship and not a fiduciary relationship.  <u>Am. Fed. Bank, FSB v. Parker</u>, 301 S.C. 509, 513, 392 S.E.2d 798, 801 (S.C. Ct. App. 1990).

In her Complaint, Plaintiff does not allege facts supporting a fiduciary relationship between herself and Wells Fargo and/or HSI Trust.  The factual allegations of Plaintiff's Complaint, even when construed broadly, confirm that the only relationship between Plaintiff and Wells Fargo and/or HSI Trust arises out of their respective roles as borrower and lender.  Plaintiff's factual allegations are not sufficient to allow the Court to reasonably infer the existence of a fiduciary relationship with Wells Fargo and/or HSI Trust.  Accordingly, Wells

4

Fargo and/or HSI Trust cannot—as a matter of law—be liable for breach of fiduciary duty. Accordingly, Plaintiff's claim for breach of fiduciary should be dismissed, with prejudice.

**B. Plaintiff's purported claims for alleged underwriting violations, predatory lending violations, predatory mortgage lending, predatory mortgage servicing, and unconscionable acts fail because none of these purported claims gives rise to a legally recognized cause of action.**

In order to survive a motion to dismiss, Plaintiff's allegations must be sufficient to raise a claim upon which relief may be granted. F.R.Civ.P. Rule 12(b)(6). Satisfaction of this pleading requirement requires more than mere speculation and conclusion. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A claim must allege "enough facts to state a claim to relief that is plausible on its face," and any claim that lacks facial plausibility cannot survive a motion to dismiss. Id. at 570. See also, Francis v. Giacomelli, 588 F.3d 186,193 (4th Cir. 2009). Where the allegations of a purported claim are not sufficient to bring the claim within a legally recognized cause of action, the purported claim lacks facial plausibility and should be dismissed.

In her Complaint, Plaintiff includes purported claims for underwriting violations, predatory lending violations, predatory mortgage lending, predatory mortgage servicing, and unconscionable acts. Many of the allegations contained in these claims can be appropriately characterized as definitions and/or explanations of terms and concepts. To the extent that Plaintiff attempts to assert acts and omissions of wrongdoing on the part of Wells Fargo and/or HSI Trust, Plaintiff's allegations are conclusory and fail to allege any factual or legal basis for her purported claims. Neither South Carolina state law nor federal law recognize a separate cause of action for "underwriting violations," "predatory lending violations," "predatory mortgage lending," "predatory mortgage servicing," and/or "unconscionable acts." Because none of these claims presents a legally recognized cause of action, each claim lacks facial plausibility as a matter of law and should be dismissed with prejudice.

5

**C. Plaintiff's RESPA claim fails because (a) Plaintiff's written inquiries regarding the Loan do not qualify as "Qualified Written Requests"; and (b) Plaintiff has not alleged any damages specifically arising out any alleged RESPA violation.**

The Real Estate Settlement Practices Act (hereinafter referred to as "RESPA") provides that if a "servicer of a federally related mortgage loan" receives a QWR from "the borrower (or an agent of the borrower)," the servicer must send notice to the borrower confirming receipt within twenty (20) days and take appropriate action within sixty (60) days. See 24 C.F.R 3500.21(e)(1); 12 U.S.C. §2605(e)(2)(A)(B)(C). Plaintiff's claim for alleged violation of RESPA is predicated upon allegations that Defendants allegedly failed to respond to Plaintiff's Qualified Written Requests "QWR." As evidenced by the pleadings in the 2007 and 2009 Foreclosure Actions and Plaintiff's correspondence concerning the Loan [See D.E. 1-8 through 1-15, Exhibits G through N to Plaintiff's Complaint, and D.E. 1-21 and 1-23, Exhibits T and V, respectively to Plaintiff's Complaint], Defendant HSI Trust is only the current owner and holder of the Note and the Mortgage and has never acted to "service" the Note and the Mortgage. As a result, HSI Trust does not qualify as a "servicer" subject to the provisions and requirements of RESPA, and Plaintiff's RESPA claim, insofar as it pertains to HSI Trust, fails as a matter of law and should be dismissed.

Second, in order to state a facially plausible claim for violation of RESPA's QWR provisions, Plaintiff must demonstrate the following elements: (1) a written request that meets RESPA's definition of a QWR, (2) the servicer failed to perform its duties, and (3) actual damages." Quinlan, No. 0:13-1502, 2014 U.S. Dist. LEXIS 95448, *7-8 (quoting IAR Family Trust v. Suntrust Mortg., Inc., No. 3:13-CV-418-GCM, 2014 U.S. Dist. LEXIS 51256, at *3 (W.D.N.C. Apr. 14, 2014)). Plaintiff has failed to allege or demonstrate any of these elements, and therefore Plaintiff's RESPA claim fails as a matter of law.

>First, Section 2605(e) of RESPA specifically defines QWR as
>
>. . . . a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
>
>**(i)** includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
>**(ii)** *includes a statement of the reasons for the belief of the borrower*, to the extent applicable, *that the account is in error* or provides sufficient detail to the servicer regarding other information sought by the borrower.

§ 2605(e)(1)(B). Plaintiff's allegations and the content of her February 10, 2013 letter [See D.E. 1-10, Exhibit I to Plaintiff's Complaint] demonstrate, on their face, that Plaintiff's written inquiry and communications does not qualify as a QWR, as defined above. By way of example, Plaintiff does not state "the *reasons for the belief of the borrower* . . . that the account is in error" as required by Section § 2605(e)(1)(B)(ii) (emphasis added). Instead, Plaintiff seeks to invert the obligations of § 2605(e) by placing the burden on the addressees—in this case Wells Fargo—to state why the accounts were correct without giving the reasons for Plaintiff's belief that the accounts were inaccurate. See Ward v. Security Atlantic Mortgage Electronic Registrations Systems, Inc., 858 F. Supp. 2d 561, 574-75 (M.D.N.C. 2012) (holding that letter requesting "copies of loan documents, assignments of the deed of trust and promissory note and copies of property inspection reports and appraisals and a loan transactional history" was not a QWR) (citations and footnotes omitted); Junod v. Dream House Mortg. Co., No. CV 11-7035-ODW, 2012 U.S. Dist. LEXIS 3865, at *11-12 (C.D. Cal. Jan. 5, 2012) (explaining copies of the promissory note and deed of trust and "a complete life of loan transactional history" are "not the type of information RESPA contemplates").

Not only has Plaintiff failed to allege and demonstrate that she presented a QWR, but Plaintiff has also failed to allege any facts showing that she suffered any actual damages or

economic harm as a result of Defendants' alleged non-compliance. See <u>Serfass v. CIT Group/Consumer Fin. Inc.</u>, C/A No. 8:07–90–WMC, 2008 WL 4200356, at * 1, *5 (D.S.C. Sept.10, 2008). Plaintiff's mere recitation of damages without any supporting facts as to how she was damaged is insufficient to establish a claim for violation of RESPA. See <u>Aniel v. Litton Loan Servicing, LP</u>, Case No: C 10–00951 SBA, 2011 U.S. Dist. LEXIS 18870, at * 15–*16, 2011 WL 635258 (N.D.Cal. Feb. 11, 2011) (citing <u>Morris v. Bank of Am.</u>, Case No: C 09–02849 SBA, 2011 U.S. Dist. LEXIS 9767, 2011 WL 250325, at *5 (N.D. Cal. Jan 25, 2011) (dismissing RESPA claim where plaintiffs failed to allege that they had suffered actual damages resulting from defendants' failure to respond to their QWRs). Accordingly, Plaintiff's RESPA claim should be dismissed because Plaintiff has failed to allege facts supporting the essential elements of a RESPA cause of action.

### D. Plaintiff's claim entitled "Legal Standing" fails because no such cause of action exists, and the allegations related thereto fail to state any other cause of action.

In Paragraphs 34 through 82 of her Complaint under the title "Legal Standing," Plaintiff generally alleges that Wells Fargo and HSI Trust did not have standing to file and prosecute the 2007 and 2009 Foreclosure Actions. Plaintiff's allegations are comprised primarily of citations to unrelated cases from the around the country.

"Legal Standing" is not a cause of action cognizable under South Carolina state law or federal law. Moreover, the allegations contained in Paragraphs 34 through 82 do not assert any cause of action whatsoever. Accordingly, Plaintiff's allegations related to "Legal Standing" fail to state a claim.

**E. Plaintiffs' FDCPA claim fails because Wells Fargo and HSI Trust are not debt collectors as defined by the statute.**

The Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA") applies solely to "debt collectors." See Wilkinson v. Wells Fargo Bank Minnesota, Case No. 06-C-1288, 2007 WL 1414888, at *4 (E.D. Wis. May 9, 2007) (citing Randolph v. IMBS, Inc., 368 F.3d 726, 729 (7th Cir. 2004)), aff'd 268 F. App'x 476 (7th Cir. 2008). Other than very limited exceptions, none of which are present in this case, the FDCPA does not apply to creditors. Id. Numerous courts have specifically held that the FDCPA's statutory prohibitions do not apply to creditors collecting their own debts. See, e.g., Casualty v. Federal Nat'l Mortgage Ass'n et al., 915 F. Supp. 2d 1113, 1126 (C.D. Cal. 2012). While a consumer mortgage is the type of debt that falls within the parameters of the FDCPA, "debt collectors," as that term is expressly defined in the FDCPA, does not include mortgagees and mortgage servicers that are not specifically assigned a loan for the purpose of collection. Id. See also Reese v. JP Morgan Chase & Co., 686 F. Supp. 2d 1291, 1311 (S.D. Fla. 2009) (holding that defendant acting as the mortgage servicing company and servicing plaintiff's mortgage could not be held liable as a "debt collector" under Section 1692 of the FDCPA).

In the case presently before the Court, HSI Trust, by way of assignment dated October 30, 2007, is the current owner and holder of the Note and Mortgage [See D.E. 1-22, Exhibit U to Plaintiff's Complaint]. As evidenced by the exhibits to Plaintiff's Complaint [See D.E. 1-8 through 1-15, D.E.1-21, and D.E. 1-23, Exhibits G through N, T and V, respectively to Plaintiff's Complaint], Defendant Wells Fargo is the mortgage servicer servicing Plaintiff's mortgage. In their respective capacities as mortgagee and mortgage servicer, HSI Trust and Wells Fargo are not "debt collectors" for the purposes of the FDCPA. As a result, neither Wells

Fargo nor HSI Trust is subject to the FDCPA insofar as it relates to the Loan at issue in this lawsuit, and Plaintiff's FDCPA claim should be dismissed.

### F. Plaintiff's TILA claim is barred on its face by the applicable one and three-year statutes of limitations, and therefore should be dismissed.

The Truth in Lending Act (hereinafter referred to as "TILA"), 15 U.S.C. 1640(a) governs and provides for the disclosure of loan information and calculations during the application and underwriting process, as well as the closing of consumer loans. Generally, private claims asserted under the TILA must be filed within one year from the date of the occurrence of the violation. 15 U.S.C.A. § 1640(e). However, if the claim alleges violations of 15 U.S.C.A. §§ 1639, 1639b, or 1639c of the TILA, then the applicable statute of limitations is three years beginning on the date of the occurrence of the violation.

In her purported TILA claim, Plaintiff's allegations are general and conclusory allegations which fail to identify which of the Defendants allegedly violated the TILA and in what manner the TILA disclosure requirements were allegedly violated. Although this lack of specificity makes it impossible to determine which of the potentially applicable statute of limitations applies, Plaintiff's TILA claim fails regardless of whether the one year statute of limitations or the longer three year statute of limitations applies. The closing for Plaintiff's Loan occurred on or about September 29, 2006 [D.E. 1, Plaintiff's Complaint, ¶ 5]. If there were any omissions in disclosures (which is expressly denied by Defendants Wells Fargo and HSI Trust), such omissions must have occurred, if at all, at the closing of Plaintiff's Loan on September 29, 2006. See McLeod v. PB Inv. Corp., 492 Fed. App'x. 379 (4th Cir. 2012) ("[T]he alleged violations – failure to provide mandatory loan disclosures and charging excessive fees – occurred at the latest at the time of the loan closing"). Therefore, the potentially applicable one and three year statutes of limitation expired on September 29, 2006 and September 29, 2009, respectively.

10

Plaintiff's Complaint and TILA claim were filed on September 30, 2014 [D.E. 1, Plaintiff's Complaint, ¶¶ 98-105] – approximately eight years after the Loan closing and five years after the expiration of the longer of the potentially applicable statutes of limitation.  As such, Plaintiff's TILA claim is time–barred and should be dismissed.

### G. Plaintiff's claim for violation of the "Consumer Protection Act" fails to state a claim upon which relief may be granted.

In Paragraphs 106 through 108 of her Complaint, Plaintiff generally alleges that Defendants violated some unspecified "Consumer Protection Act;" however, Plaintiff fails to identify which consumer protection act was allegedly violated, which of the Defendants allegedly violated such act, and in what manner the alleged violations occurred.  Because Plaintiff has failed to allege any facts, this claim is facially implausible and should be dismissed as a matter of law.

### H. Plaintiff's purported claim entitled "Violation of Unfair and Deceptive Trade Practices Act" fails because Plaintiff fails to plead the requisite elements of any such claim.

In Paragraphs 109 through 113 of her Complaint, Plaintiff attempts to assert a claim for violation of the Unfair and Deceptive Trade Practices Act (hereinafter referred to as "UTPA"). Based on Plaintiff's allegations and citation to "F.E.501.201, et seq," it is impossible to determine the nature of Plaintiff's  claim and what she intends to claim.  As a result, Plaintiff's purported claim for violation of the UTPA is not plausible on its face and should be dismissed with prejudice.

Even if this Court were to assume that Plaintiff intends to make a claim under the South Carolina UTPA, Plaintiff's claim still fails to state a claim upon which relief can be granted. To state a private cause of action under the UTPA, Plaintiff must allege facts sufficient to show that

the defendant's actions adversely affected the public interest.  See Noack Enters., Inc. v. Country Corner Interiors, 290 S.C. 475, 351 S.E.2d 347 (Ct.App. 1986) (initial case finding requirement of adverse impact on public interest), cert. dismissed, 294 S.C. 235, 363 S.E.2d 688 (1987).   As a result, South Carolina's UTPA is not available to redress a private wrong because an unfair or deceptive act that affects only the parties involved is beyond the scope of the UTPA.  See Woodson v. DLI Properties, Inc., 753 S.E.2d 428 (S.C. 2014).   Plaintiff's purported UTPA claim does not include any allegations that the alleged violations of the UTPA adversely affect the public's interest.  Further, the only inference which can be drawn from the factual allegations contained in Plaintiff's Complaint is that any transactions and/or communications between Plaintiff and Wells Fargo and/or HSI Trust relate solely to and are limited to the origination and/or servicing of the Loan at issue in this lawsuit, and therefore affect only the Plaintiff.  Because the alleged acts or omissions on the part of Wells Fargo and HSI Trust are not actionable under the UTPA, Plaintiff's claim should be dismissed with prejudice.

> **I. Plaintiff's purported fraud claims fail because Plaintiff has not alleged the requisite elements of a fraud cause of action and has not stated with particularity the facts and circumstances of the alleged fraudulent acts and omissions.**

Plaintiff's Complaint includes two purported fraud claims-- fraud and fraud in the inducement.  Each of these fraud claims fails because Plaintiff has not alleged the requisite elements of a fraud claim and each claim lacks the specificity necessary to satisfy the heightened pleading standard set forth in Rule 9(b), Fed. R. Civ. P.  To satisfy the particularity requirement of Rule 9(b), "[i]t is essential that the facts and circumstances which constitute the fraud . . . be s[e]t out clearly."  Warr v. Carolina Power & Light Co., 237 S.C. 121, 115 S.E.2d 799, 802 (1960).  Mere conclusory allegations are insufficient.  Id., 115 S.E.2d at 801.

In order to state a facially plausible claim for fraud, Plaintiff must allege each of the following nine elements: (1) a representation; (2) the falsity of the representation; (3) the materiality of the representation; (4) knowledge of its falsity, or reckless disregard for its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of the falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. <u>Ardis v. Cox</u>, 314 S.C. 512, 431 S.E.2d 267 (Ct.App. 1993) (cert. denied 1994). Failure to allege all nine elements is fatal to a claim of fraud. <u>Id</u>. Similarly, in order to state a claim for fraud in the inducement, Plaintiff must allege each of the nine elements of fraud <u>and</u> the following three elements: "(1) that the alleged fraudfeasor made a false representation relating to a present or preexisting fact; (2) that the alleged fraudfeasor intended to deceive him; and (3) that he had a right to rely on the representation made to him." <u>Darby v. Waterboggan of Myrtle Beach, Inc.</u>, 288 S.C. 579, 584, 344 S.E.2d 153, 155 (Ct.App.1986).

The allegations of Plaintiff's purported fraud and fraud in the inducement claim are insufficient. Specifically, Plaintiff's purported fraud claims does not include allegations regarding the materiality of any alleged representations on the part of Wells Fargo and/or HSI Trust and/or that Wells Fargo and/or HSI Trust intended for Plaintiff to rely on any alleged representations. Similarly, Plaintiff's fraud in the inducement claim does not include any allegations that Plaintiff relied on the alleged representations and/or that Wells Fargo and/or HSI Trust intended for Plaintiff to rely on any alleged representations. Plaintiff's fraud in the inducement claim also fails to include any allegations that Plaintiff had a right to rely on any of the representations that may have been made.

In addition, Plaintiff's allegations also fail to set forth the precise facts and circumstances, specifically as to Wells Fargo and HSI Trust, which constitute the fraud or fraud

in the inducement.  <u>Warr</u>, 115 S.E.2d at 802.  Plaintiff does not allege with any particularity the nature and scope of the allegedly wrongful acts and omissions, which of the Defendants committed these allegedly wrongful acts or omission, and/or the time and place of any alleged misrepresentations or wrongful conduct.  Instead, Plaintiff makes various general allegations that "Defendants" defrauded her through various acts of wrongdoing in connection with the origination and servicing of her Loan.  These broad brush allegations without any specific factual allegations fails to satisfy the requirement that the who, what, when, where, why and how, be pled with specificity.  <u>See</u> Rule 9(b), Fed. R. Civ. P.  Because Plaintiff's fraud claims fail to allege the time, place, or content of any fraudulent or negligent statement(s) allegedly made by or on behalf of Wells Fargo and/or HSI Trust, or state the identity of the person(s) who made any such statement(s), Plaintiff has failed to fulfill her obligations under Rule 9(b), Fed. R. Civ. P. Accordingly, Plaintiff's fraud claims are fatally defective and should be dismissed with prejudice.

### J. Plaintiff's HOEPA claim is barred on its face by the applicable one-year statute of limitations, and therefore should be dismissed.

The Home Ownership and Equity Protection Act (hereinafter referred to as "HOEPA"), 15 U.S.C. § 1639, et seq., requires "creditors" to make certain disclosures for certain types of mortgages.  Under HOEPA, "creditor" is defined as "a person who both (1) regularly extends, whether in connection with loans, … consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness…" 15 U.S.C. § 1602(g).  Additionally, in order to state a claim pursuant to HOEPA, the claim must be brought within one year of the date of the alleged violation. 15 U.S.C. § 1640(e).

14

Again, it is undisputed that the closing for Plaintiff's Loan occurred on or about September 29, 2006 [D.E. 1, Plaintiff's Complaint, ¶ 5]. Any alleged nondisclosure and/or alleged acts of predatory lending (all of which are expressly denied by Defendants Wells Fargo and HSI Trust) must have occurred, if at all, at the closing of Plaintiff's Loan on September 29, 2006. See McLeod v. PB Inv. Corp., 492 Fed. App'x. 379 (4th Cir. 2012) ("[T]he alleged violations – failure to provide mandatory loan disclosures and charging excessive fees – occurred at the latest at the time of the loan closing"). Therefore, the applicable one-year statute of limitations for bringing a HOEPA claim expired on September 29, 2007. Plaintiff's Complaint and HOEPA claim were not filed until September 30, 2014 [D.E. 1, Plaintiff's Complaint, ¶ 127]. Because Plaintiff's HOEPA claim was not filed until approximately seven years after the expiration of the statute of limitations, it is time barred and should be dismissed.

Additionally, Plaintiff's HOEPA claim against HSI Trust fails because it was not a "creditor" at the time of the September 29, 2006 closing. As indicated above, the Note and Mortgage were assigned to HSI Trust on or about October 30, 2007, approximately thirteen (13) months after the closing of Plaintiff's loan [See. D.E. 1-22, Exhibit U to Plaintiff's Complaint]. Because it was not involved the September 26, 2006 closing, HSI Trust was not a "creditor" and therefore not subject to HOEPA's disclosure requirements. Accordingly, Plaintiff's HOEPA claim against HSI Trust fails as a matter of law and should be dismissed.

## **CONCLUSION**

Based upon the foregoing arguments, Defendants Wells Fargo and HSI Trust respectfully request that this Court dismiss any and all of Plaintiff's claims and causes of action against Wells Fargo and/or HSI Trust with prejudice.

DATED: November 21, 2014          Respectfully Submitted,

/s/ Elizabeth J. Smith
S. Sterling Laney, III (Fed. ID No. 6255)
    Email: slaney@wcsr.com
Elizabeth J. Smith (Fed. ID No. 5808)
    Email: besmith@wcsr.com
Womble Carlyle Sandridge & Rice, LLP
P.O. Box 10208, Greenville, SC 29603
Phone: (864) 255-5400   Fax: (864) 255-5440

*Attorneys for Defendants Wells Fargo Bank, N.A. and HSI Trust National Trust Company, as Trustee For HSI Asset Loan Obligation Trust 2007-WF1, Mortgage Pass-Through Certificates, Series*