IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Vanessa D. Bartley,<br><br>Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, NA; Deutsche Bank National Trust Company, as Trust for HSI Assets Loan Obligation Trust 2007-WFI, Mortgage Pass Through Series 2007 WF1; and Rogers Townsend & Thomas PC,<br><br>Defendants. | ) | C/A No.: 3:14-3814-CMC-SVH<br><br>REPORT AND RECOMMENDATION |

Plaintiff Vanessa D. Bartley, proceeding pro se, filed this case on September 30, 2014, relating to a mortgage on property located at 68 Lillifield Drive in Elgin, South Carolina, 29045 ("Subject Property"). Plaintiff sues Wells Fargo Bank, N.A. ("Wells Fargo"), Deutsche Bank National Trust Company, as Trustee for HSI Asset Loan Obligation Trust 2007-WF1, Mortgage Pass-Through Certificates, Series 2007-WF1 ("HSI Trust") (collectively "Bank Defendants"), and Rogers Townsend & Thomas PC ("RTT").

This matter comes before the court on the motions to dismiss filed by RTT [ECF No. 24] and Bank Defendants [ECF No. 28] pursuant to Fed. R. Civ. P. 12(b)(6). The motions having been fully briefed [ECF Nos. 34, 35, 40, 41, 45, 46, 49, 50], they are ripe for disposition. Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e), this

case has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the undersigned recommends the court grant the motions to dismiss.

I. Factual Background

On or about September 29, 2006, Plaintiff borrowed $319,580.00 from Wells Fargo (the "Loan"), evidenced by a Balloon Note (the "Note"). [ECF No. 1-18]. The Loan was secured by a mortgage on the Subject Property given by Plaintiff in favor of Wells Fargo and recorded on October 2, 2006, in the Kershaw County Register of Deeds in Book 2047 at Page 251 (the "Mortgage"). [ECF No. 1-7]. On October 30, 2007, Wells Fargo assigned all rights, title, and interest in the Note and the Mortgage to HSI Trust, and the assignment of Mortgage was recorded in the Kershaw County Register of Deeds Office in Mortgage Book 2271 at Page 5. [ECF No. 1-22 at 2]. A corrective assignment of Mortgage dated June 24, 2014, was recorded in the Kershaw County Register of Deeds on June 26, 2014, to correct a scrivener's error in the name of the assignee. *Id*. at 1.

On or about October 25, 2007, HSI Trust initiated a foreclosure action against Plaintiff in the Kershaw County Court of Common Pleas ("2007 Foreclosure Action"). [ECF No. 1-8]. The 2007 Foreclosure Action was voluntarily dismissed without prejudice pursuant to S.C.R.C.P. 41(a)(1). On September 24, 2009, HSI Trust initiated a second foreclosure action against Plaintiff in the Kershaw County Court of Common Pleas ("2009 Foreclosure Action"). [ECF No. 1-9]. Like the 2007 Foreclosure Action, the 2009 Foreclosure Action was voluntarily dismissed without prejudice pursuant to S.C.R.C.P. 41(a)(1). RTT represented HSI Trust in both foreclosure actions. [ECF No. 1-8, 1-9]. Currently, there is no pending foreclosure action against Bartley that relates to the

Subject Property. It appears that Plaintiff filed this action in an attempt to stave off another foreclosure action.

Plaintiff filed this action on September 30, 2014, asserting the following claims against Defendants: (1) breach of fiduciary duty; (2) underwriting violations; (3) predatory lending violations; (4) predatory mortgage lending; (5) predatory mortgage servicing; (6) violations of the Real Estate Settlement Procedures Act ("RESPA"); (7) legal standing; (8) violations of the Fair Debt Collection Practices Act ( "FDCPA"); (9) violations of the Truth in Lending Act ("TILA"); (10) Consumer Protection Act violations; (11) violation of the Unfair and Deceptive Trade Practices Act, F.S. 501.201, *et seq.*; (12) fraud; (13) fraud in the inducement; (14) violation of the Home Ownership and Equity Protection Act ("HOEPA"); and (15) unconscionable acts.

II. Discussion

A. Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to

dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

B. Analysis

1. RTT's Motion to Dismiss

a. Attorney Immunity

RTT argues that Plaintiff's claims against it, with the exception of her FDCPA claim, are barred by the doctrine of attorney immunity. The South Carolina Supreme Court has held:

> Generally, "an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client." *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 509 (2006) (quoting *Gaar v. N. Myrtle Beach Realty Co., Inc.*, 287 S.C. 525, 528, 339 S.E.2d 887, 889 (Ct.App.1986)). Further, an attorney owes no duty to a non-client unless he "breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client." *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995).

*Argoe v. Three Rivers Behavioral Ctr. and Psychiatric Solutions*, 697 S.E.2d 551, 554 (S.C. 2010). Here, Plaintiff has not shown that RTT owed her a duty. Therefore, the undersigned recommends Plaintiff's claims pursuant to state law or common law (for breach of fiduciary duty, underwriting violations, predatory lending violations, predatory mortgage lending, predatory mortgage servicing, legal standing, consumer protection; violation of the Unfair and Deceptive Trade Practices Act, fraud, fraud in the inducement, and unconscionable acts) be dismissed against RTT on the basis of attorney immunity.

b. RESPA, TILA, and HOEPA Claims

Plaintiff's claims against RTT for alleged violations of RESPA, TILA, and HOEPA fail because Plaintiff has failed to show that RTT is liable under any of these statutes. Plaintiff's RESPA claim is based on failure to provide information after she sent an alleged Qualified Written Request ("QWR") to Wells Fargo. She has provided no facts that RTT knew of the QWR or had any duty to her under RESPA. Although Plaintiff generally alleges that RTT are agents for Bank Defendants, she has provided no facts demonstrating that RTT owed her any duty under RESPA.

Plaintiff's claims pursuant to TILA and HOEPA relate to disclosures creditors are required to make related to loans. Plaintiff has not provided any factual allegations showing that RTT was a creditor or it was in any way involved in the Note, Loan, or Mortgage at issue in this case. Therefore, the undersigned recommends RTT's motion to dismiss be granted as to Plaintiff's claims under RESPA, TILA, and HOEPA.

c. FDCPA

Plaintiff's FDCPA claim against RTT appears to be general allegations related to the 2007 and 2009 Foreclosure Actions. Plaintiff does not cite any particular part of the FDCPA that RTT allegedly violated or otherwise explain how RTT violated the statute. Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing

court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Therefore, the undersigned recommends Plaintiff's FDCPA claim against RTT be dismissed for failure to state a claim.

To the extent the district judge finds that Plaintiff has stated a FDCPA claim, RTT argues that it is barred by the FDCPA's one-year statute of limitations. [ECF No. 40]. The FDCPA allows a civil action within one year from the date of the alleged violation. 15 U.S.C. 1692k(d). Plaintiff's allegations are related to the 2007 and 2009 Foreclosure Actions and she has not alleged a violation within one year of her bringing this lawsuit. Therefore, Plaintiff's FDCPA claim against RTT is also barred by the statute of limitations.

2. Bank Defendants' Motion to Dismiss

a. Breach of Fiduciary Duty

Under South Carolina law, a fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard for the interests of the one imposing the confidence. *Richland County v. Carolina Chloride*, 677 S.E.2d 892, 898 (S.C. Ct. App. 2008). Typically, the lender/borrower relationship is a creditor/debtor relationship and not a fiduciary relationship. *Am. Fed. Bank, FSB v. Parker*, 392 S.E.2d 798, 801 (S.C. Ct. App. 1990). Although Plaintiff alleges she vested confidence in Bank Defendants to aid, advise, and protect her interests [ECF No. 1 at ¶ 7], she provides no facts demonstrating that she was reasonable in placing such trust. To establish the existence of a fiduciary relationship, the facts and circumstances must indicate the party reposing trust in another

has some foundation for believing the one so entrusted will act not in his own behalf but in the interest of the party so reposing. *Burwell v. South Carolina Nat'l Bank*, 340 S.E.2d 786, 790 (S.C. 1986). The evidence must show the entrusted party actually accepted or induced the confidence placed in it. *Regions Bank v. Schmauch*, 582 S.E.2d 432, 444 (S.C. Ct. App. 2003). Plaintiff has failed to allege specific facts showing that Bank Defendants owed her a fiduciary duty in this case. Therefore, the undersigned recommends Plaintiff's claim for breach of fiduciary duty be dismissed.

b. Unrecognized Claims

Plaintiff's claims entitled underwriting violations, predatory lending violations, predatory mortgage lending, predatory mortgage servicing, and unconscionable acts fail because they are not recognized causes of action. Plaintiff fails to cite to any case law recognizing such causes of action. Although she cites to regulations, she has not shown that the regulations created a private causes of action against Bank Defendants. Therefore, Bank Defendants are entitled to dismissal of these claims.

c. RESPA Violation

Bank Defendants argue that Plaintiff's claim under RESPA fails because her letter dated February 10, 2013 [ECF No. 1-11], does not qualify as a QWR under RESPA and that Plaintiff fails to allege any actual damages from the alleged breach. Assuming, without deciding, that the letter qualifies as a QWR, the undersigned agrees with Bank Defendants that Plaintiff's RESPA claim fails because Plaintiff has not alleged actual damages from any non-compliance with the statute. *See Serfass v. CIT Group/Consumer Fin. Inc.*, C/A No. 8:07-90-WMC, 2008 WL 4200356, at * 1, *5 (D.S.C. Sept. 10, 2008)

(noting that a plaintiff must show economic harm as a result of not receiving a response to a QWR); *Hutchinson v. Delaware Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."); *Ginn v. CitiMortgage, Inc*. (*In re Ginn*), 465 B.R. 84, 95–96 (Bankr. D.S.C. 2012) (noting "even if CitiMortgage did not comply with the RESPA provisions pertaining to QWRs [] [p]laintiffs failed to sufficiently allege that they suffered actual and/or statutory damages resulting from CitiMortgage's alleged RESPA violation"); *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010) (holding "an allegation of damages is a necessary element of any claim under § 2605"). Therefore, the undersigned recommends Plaintiff's RESPA claim be dismissed.

d. Legal Standing

Plaintiff's claim entitled "legal standing" essentially argues that no defendant is the owner of the Note and, therefore, no defendant has legal standing to initiate and prosecute a foreclosure action related to the Subject Property. Such allegations may constitute defenses to a foreclosure action, but do not support a recognized cause of action. Therefore, the undersigned recommends Plaintiff's claim entitled "legal standing" be dismissed.

e. FDCPA

Plaintiff alleges Bank Defendants violated the FDCPA. Bank Defendants argue that they are not debt collectors under the FDCPA. The distinction between debt collectors and non-debt collectors in the FDCPA is whether the individual or business is

attempting to collect money owed to it or to another. *See* 15 U.S.C. § 1692a(6); *see also Brown v. Wachovia Bank*, C/A No. 8:10-1816-HMH-JDA, 2011 WL 5024297, at *3 (D.S.C. Sept. 30, 2011) ("[C]reditors collecting their own debts are not "debt collectors" for purposes of the FDCPA and are exempt from the FDCPA's provisions.") (citing *Glover v. Univ. Motor Co.*, C/A No. 3:08-2254, 2010 WL 234903, at *3 (D.S.C. Jan. 15, 2010); *Serfass v. CIT Group/Consumer Fin., Inc.*, C/A No. 8:07-90, 2008 WL 351116, at *3 (D.S.C. Feb. 7, 2008) (finding the defendant was not regulated by the FDCPA because the defendant was a creditor collecting its own debts); *Davis v. Dillard Nat'l Bank*, C/A No. 1:02-546, 2003 WL 21297331, at *4 (M.D.N.C. June 4, 2003) ("Crediting institutions, such as banks, are not debt collectors under section 1692a(6)(A) because they collect their own debts and are in the business of lending money to consumers." (citing *Thomasson v. Bank One, La., N.A.*, 137 F. Supp. 2d 721, 724 (E.D. La. 2001)); *Meads v. Citicorp Credit Servs., Inc.*, 686 F. Supp. 330, 333 (S.D. Ga. 1988))). The FDCPA applies only to debt collectors, and well-established law indicates mortgagees are not debt collectors within the definition of the FDCPA. *Carrington v. Indy Mac Mortg. Services*, C/A No. 5:12-1060-JMC, 2013 WL 530050, at *3 (D.S.C. Feb. 8, 2013) (citing *Scott*, 326 F. Supp. 2d at 718, and *Brown*, 2011 WL 5024297, at *3).

HSI Trust, by way of assignment dated October 30, 2007, is the current owner and holder of the Note and Mortgage. [ECF No. 1-22]. Defendant Wells Fargo is the mortgage servicer of Plaintiff's mortgage. In their respective capacities as mortgagee and mortgage servicer, Bank Defendants are not "debt collectors" for the purposes of the FDCPA. Although Plaintiff argues that Wells Fargo is a debt collector because its letter

indicates it is an attempt to collect a debt, the FDCPA specifically excludes creditor from the definition of "debt collector" for purposes of the statute. 15 U.S.C.A. § 1692a(6)(A.) As a result, Bank Defendants are not subject to the FDCPA insofar as it relates to the Loan at issue in this lawsuit, and Plaintiff's FDCPA claim should be dismissed.

f. TILA Claim

Bank Defendants argue that Plaintiff's TILA cause of action was not filed within the applicable one and three year statutes of limitations. The TILA governs and provides for the disclosure of loan information and calculations during the application and underwriting process, as well as the closing of consumer loans. 15 U.S.C. § 1640(a). Generally, private claims asserted under the TILA must be filed within one year from the date of the occurrence of the violation. 15 U.S.C.A. § 1640(e). However, if the claim alleges violations of 15 U.S.C.A. §§ 1639, 1639b, or 1639c of the TILA, then the applicable statute of limitations is three years beginning on the date of the occurrence of the violation.

Plaintiff's allegations fail to identify which of the defendants allegedly violated the TILA and in what manner the TILA disclosure requirements were allegedly violated. The closing for Plaintiff's Loan occurred on or about September 29, 2006 [ECF No. 1 at ¶ 5].[1] If there were any omissions, such omissions must have occurred, if at all, at the closing of Plaintiff's Loan on September 29, 2006. *See McLeod v. PB Inv. Corp.*, 492 F.

[1] Plaintiff argues that "the alleged loan was not consummated under Truth and Lending (TILA) beginning October 29, 2006. Plaintiff asserts that the true lender has never been identified." [ECF No. 35 at 21]. To the extent that Plaintiff alleges no loan has been consummated, she has no cause of action under the TILA.

App'x. 379, 387 (4th Cir. 2012) ("[T]he alleged violations—failure to provide mandatory loan disclosures and charging excessive fees—occurred at the latest at the time of the loan closing."). Therefore, the potentially applicable one and three year statutes of limitation expired on September 29, 2006 and September 29, 2009, respectively. Plaintiff's complaint and TILA claim were filed on September 30, 2014 [ECF No. 1 at ¶¶ 98–105], approximately eight years after the Loan closing and five years after the expiration of the longer of the potentially applicable statutes of limitation. As such, Plaintiff's TILA claim is time-barred and should be dismissed.

g. Consumer Protection Act

Bank Defendants argue that Plaintiff's claim alleging they violated an unspecified consumer protection act fails to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Here, Plaintiff has not provided a reference to a statute under which she seeks to bring a claim. The undersigned recommends her claims pursuant to an unspecified consumer protection act be dismissed.

h. Unfair Trade Practice Act

Plaintiff claims she has a right to recover against Bank Defendants for alleged deceptive and unfair practices. Bank Defendants contend that Plaintiff fails to identify any specific cause of action or legal grounds on which she can recover. They argue that to the extent that Plaintiff is attempting to make an allegation under the South Carolina Unfair Trade Practices Act ("SCUPTA"), S.C. Code Ann. §§ 39-5-10, *et seq*., she has not asserted any facts showing that Bank Defendants' actions adversely affected a public interest.

The SCUTPA broadly prohibits any "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20. To bring an action under the SCUTPA, Plaintiff must demonstrate that (1) the defendant engaged in an unlawful trade practice, (2) the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest. *See* S.C. Code Ann. § 39-5-140; *Havird Oil Co. v. Marathon Oil Co., Inc.*, 149 F.3d 283, 291 (4th Cir. 1998); *Daisy Outdoor Advertising Co., Inc. v. Abbott*, 473 S.E.2d 47, 49 (1996).

Here, Plaintiff fails to state a claim under the SCUTPA because she has not alleged that a public interest was affected. The SCUTPA is not available to redress a private wrong where the public interest is unaffected. *Noack Enterprises v. Country Corner Interiors*, 351 S.E.2d 347 (S.C. Ct. App. 1986). Conduct that only affects the parties to the transaction provides no basis for a SCUTPA claim. *See Key Co. v. Fameco*

*Distribs., Inc.*, 357 S.E.2d 476 (S.C. Ct. App. 1987). Therefore, the undersigned recommends Plaintiff's claim for unfair trade practices be dismissed.

i. Plaintiff's Fraud Claims

Plaintiff brings causes of action for fraud and fraud in the inducement. Bank Defendants argue that Plaintiff has failed to plead the requisite elements of fraud and/or plead them with specificity as required by Fed. R. Civ. P. 9(b). The Fourth Circuit has clarified the requirements of Rule 9 as follows:

> According to two noted scholars, the "circumstances" required to be pled with particularity under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990). *See also Lasercomb America, Inc. v. Reynolds,* 911 F.2d 970, 980 (4th Cir.1990); *In re Cryomedical Sciences, Inc. Securities Litigation,* 884 F.Supp. 1001, 1012–13 (D.Md.1995); *In re Medimmune, Inc. Securities Litigation,* 873 F.Supp. 953, 964–69 (D.Md.1995). Mere allegations of "fraud by hindsight" will not satisfy the requirements of Rule 9(b). *Hillson Partners Ltd. Partnership v. Adage, Inc.,* 42 F.3d 204, 209 (4th Cir.1994). The second sentence of Rule 9(b) allows conclusory allegations of defendant's knowledge as to the true facts and of defendant's intent to deceive. *See* 5 Wright and Miller § 1297, at 612.

*Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999); *see also Lemacks v. Consolidated Freightways Corp.*, C/A No. 1:95-2117-6, 1997 WL 998323, *3 (D.S.C. July 16, 1997) (holding that "averments of fraud must state the precise time and place of the fraud and the acts alleged to be fraudulent . . . substantiated with particulars"). Plaintiffs are forbidden from grouping defendants together without specifying which defendant committed which wrong and are required instead to set forth with particularity each defendant's culpable conduct. *Juntti v. Prudential-Bache*

*Securities, Inc.*, 993 F.2d 228 (4th Cir. 1993) ("Further indicative of the insufficiently particular character of the complaint is its impermissible aggregation of defendants without specifically alleging which defendant was responsible for which act.").

A review of the complaint reveals that Plaintiff fails to allege fraud with particularity. She has not alleged with specificity whose and what representations were false, how these alleged misrepresentations induced her to enter the mortgage transaction, why her reliance on the misrepresentations was reasonable, or how these misrepresentations caused her damage. Therefore, the undersigned recommends Plaintiff's claims for fraud and fraud in the inducement be dismissed.

j. HOEPA

HOEPA, 15 U.S.C. § 1639, *et seq.*, requires "creditors" to make disclosures for certain types of mortgages. To state a claim pursuant to HOEPA, the claim must be brought within one year of the date of the alleged violation. 15 U.S.C. § 1640(e). It is undisputed that the closing for Plaintiff's Loan occurred on or about September 29, 2006. [ECF No. 1 at ¶ 5]. Any alleged nondisclosure and/or alleged acts of predatory lending must have occurred, if at all, at the closing of Plaintiff's Loan on September 29, 2006. *See McLeod v. PB Inv. Corp.*, 492 F. App'x 379 (4th Cir. 2012) ("[T]he alleged violations—failure to provide mandatory loan disclosures and charging excessive fees—occurred at the latest at the time of the loan closing"). Therefore, the applicable one-year statute of limitations for bringing a HOEPA claim expired on September 29, 2007. Plaintiff's complaint and HOEPA claim were not filed until September 30, 2014 [ECF No. 1 at ¶ 127]. Because Plaintiff's HOEPA claim was not filed until approximately

seven years after the expiration of the statute of limitations, the undersigned recommends it be dismissed.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant the motions to dismiss by RTT [ECF No. 24] and Bank Defendants [ECF No. 28].

IT IS SO RECOMMENDED.

July 27, 2015
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).