UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Vanessa D. Bartley, | Civil Action No. 3:14-3814-CMC-SVH |
| Plaintiff, | |
| -versus- | **OPINION and ORDER** |
| Wells Fargo Bank, NA; Deutsche Bank National Trust Company, as Trustee for HSI Assets Loan Obligation Trust 2007-WFI, Mortgage Pass Through Series 2007 WF1; and Rogers Townsend & Thomas PC, | |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* complaint relating to a mortgage on property located at 68 Lillifield Drive in Elgin, South Carolina. Plaintiff sues Wells Fargo Bank, N.A., Deutsche Bank National Trust Company, as Trustee for HSI Asset Loan Obligation Trust 2007-WF1, Mortgage Pass-Through Certificates, Series 2007-WF1 ("Bank Defendants"), and Rogers Townsend & Thomas PC ("RTT").

**I. BACKGROUND**

On September 29, 2006, Plaintiff borrowed $319,580.00 from Defendant Wells Fargo (hereinafter referred to as the "Loan"). The Loan was evidenced by a Balloon Note (hereinafter referred to as the "Note") and secured by a Mortgage given by Plaintiff in favor of Wells Fargo and recorded on October 2, 2006 in the Kershaw County Register of Deeds in Book 2047 at Page 251 (hereinafter referred to as the "Mortgage"). The Mortgage encumbers certain real property located at 68 Lillifield Drive in Elgin, South Carolina, 29045 (hereinafter referred to as the "Property").

1

Subsequently, on or about October 30, 2007, Wells Fargo assigned all right, title and interest in the Note and the Mortgage to Deutsche Bank National Trust Company, as Trustee for HSI Assets Loan Obligation Trust 2007-WFI, Mortgage Pass Through Series 2007 WF1 ("HSI Trust"), and the Assignment of Mortgage was recorded in the Kershaw County Register of Deeds Office in Mortgage Book 2047 at Page 251. A Corrective Assignment of Mortgage dated June 24, 2014 was recorded in the Kershaw County Register of Deeds office on June 26, 2014 to correct a scrivener's error in the name of the assignee.

On October 25, 2007, HSI Trust, as owner and holder of the Note and Mortgage, initiated a foreclosure action against Plaintiff in the Kershaw County Court of Common Pleas. This 2007 foreclosure action was voluntarily dismissed without prejudice. On September 24, 2009, HSI Trust initiated a second foreclosure action against Plaintiff in the Kershaw County Court of Common Pleas. Like the 2007 foreclosure action, the 2009 foreclosure action was voluntarily dismissed without prejudice. Neither foreclosure action resulted in any foreclosure decree and/or judgment against Plaintiff. Currently, there is no pending foreclosure action against Bartley which relates to the subject Property.

Plaintiff and Defendant Wells Fargo have entered into three loan modification agreements, the most recent of which was executed in 2011.

Plaintiff filed suit in this court on September 30, 2014, asserting the following causes of action against Defendants: (1) breach of fiduciary duty; (2) underwriting violations; (3) predatory lending violations; (4) predatory mortgage lending; (5) predatory mortgage servicing; (6) violations of the Real Estate Settlement Procedures Act ("RESPA"); (7) legal standing; (8) violations of the Fair Debt Collection Practices Act ("FDCPA"); (9) violations of the Truth in Lending Act ("TILA");

2

(10) Consumer Protection Act violations; (11) violation of the Unfair and Deceptive Trade Practices Act, F.S. 501.201, *et seq.*; (12) fraud; (13) fraud in the inducement; (14) violation of the Home Ownership and Equity Protection Act ("HOEPA"); and (15) unconscionable acts. Both RTT and the Bank Defendants filed motions to dismiss, and on July 27, 2015, the Magistrate Judge to whom this matter was assigned for pretrial matters issued a Report and Recommendation ("Report") recommending that the motions to dismiss be granted and the complaint dismissed.

After this court granted a motion for extension of time and set this matter for hearing for Plaintiff to present her objections orally, Plaintiff filed written objections and a motion for leave to file an amended complaint on August 14, 2015. ECF No. 63. Even though Plaintiff filed written objections to the Report, the court determined that the hearing would proceed to ensure Plaintiff had the opportunity to present all objections she wished to present. The time for Defendants to provide a response to Plaintiff's objections and motion to amend had not yet expired, and Defendants elected to present oral argument at the hearing and review Plaintiff's submissions from the hearing and file a response to Plaintiff's objections, if they so chose, by Monday, August 31, 2015. At the conclusion of the hearing, the court took the matter under advisement. On August 31, 2015, Bank Defendants and RTT filed responses addressing Plaintiff's objections and material submitted at the hearing. *See* ECF Nos. 67 & 68.

As a part of her oral presentation, Plaintiff admitted that issues in her complaint relate to "the origination of [the] alleged loan." Supplement to Obj. at 2, ECF No. 65. Although Plaintiff admitted she owed repayment of the September 29, 2006, loan to some entity, Plaintiff reiterated her position that she did not enter into an enforceable contract with either Bank Defendant when she executed the Note and Mortgage on September 29, 2006, because of certain alleged infirmities at closing.

**II. REPORT AND RECOMMENDATION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Defendants argue that the court's review of the Report should be for clear error as Plaintiff has failed to set forth objections with specificity. However, out of an abundance of caution, the court has conducted a *de novo* review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's written and oral objections. The court agrees with the conclusions of the Magistrate Judge and therefore adopts and incorporates the Report and Recommendation by reference in this order.

**III. MOTION TO AMEND**

Plaintiff includes a motion to amend the complaint in her objections. *See* Obj., ECF No. 63. Plaintiff argues that she should be able to amend her complaint as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure. However, because Plaintiff has delayed seeking to amend her complaint beyond twenty-one (21) days after the filing of Defendants' motions, she has forfeited her right to amend as a matter of course. *See* F.R.Civ.P. 15(a)(1).

Federal Rule of Civil Procedure 15(a)(2) provides that in cases other than those covered by Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or

the court's leave. The court should freely give leave when justice so requires." The Supreme Court has construed the phrase "when justice so requires" in Rule 15(a)(2) to preclude granting leave to amend when any of the following are found to exist: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (citations omitted). In assessing "futility," this court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id*. Under Rule 12(b)(6), a motion to dismiss should be granted only when it appears that Plaintiff can prove no set of facts in support of a claim that would entitle Plaintiff to relief on that claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979).

5

In considering a motion to dismiss, the court must view the complaint in the light most favorable to Plaintiff and resolve every doubt in Plaintiff's favor. Plaintiff's allegations are to be taken as true for the purpose of ruling upon the motion. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969). In addition, any inference reasonably drawn from the complaint must be considered together with Plaintiff's allegations of fact. *Murray v. City of Milford,* 380 F.2d 468, 470 (2d Cir. 1967). It is also well-settled that a complaint cannot be amended by Plaintiff's briefs in opposition to a motion to dismiss. *Mylan Laboratories, Inc. v. Akzo*, *N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991).

The futility analysis under Rule 15(a)(2) requires an initial assessment of the allegations of the proposed amendment in light of the substantive law on which the claim is based. *Rambus, Inc. v. Infineon Techs., AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004). "Futility is apparent if the proposed amended pleading fails to state a claim under the applicable rules and accompanying standards . . . ." *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

As to amendment under Rule 15(a)(2), Plaintiff generally argues in her written and oral presentation that she should be able to amend her complaint to cure the deficiencies noted by the Magistrate Judge. However, Plaintiff has not provided a proposed amended complaint. Nor was she able at oral argument to provide any factual support for her conclusory allegations of wrongdoing or explain what harm or injuries she has suffered. Accordingly, based on the defects detailed in the Report and Recommendation, the court concludes that amendment of the complaint would be futile, and **denies** Plaintiff's motion to amend.

### IV. CONCLUSION

As noted above, Plaintiff has not provided a proposed amended complaint. Nor has she provided information describing any harm or injuries she contends she suffered. For these reasons,

and for the reasons stated in the Report, the court **grants** Defendants' motions to dismiss Plaintiff's complaint (ECF Nos. 24 & 28) with prejudice.[1]

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 2, 2015

---

[1] "[U]nless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009). However, the district court has the discretion to specify that a dismissal is without prejudice. See *Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985). The court exercises its discretion to dismiss this matter with prejudice as it appears no amendment can cure the deficiencies inherent in Plaintiff's complaint.

The Clerk should terminate the pending motion for extension of time (ECF No. 58) as it was granted in part and denied in part when the court set oral argument.